BONIN, J.,
concurs with additional reasons.
|,I concur with additional reasons. The plaintiff argues that it is too late for the defendants to file an action to annul the tax sale because more than six months have expired since the defendants were served with citation and petition in this matter and no proceeding to annul the tax sale was timely instituted. See La. Const, art. VII, § 25(C); La. R.S. 47:2266 A. But the plaintiff has not established that its timeliness in giving notice to all of the defendants of the tax sale. See La. Const, art. VII, § 25(C) (“A notice of sale shall not be served until the final day for redemption has ended. It must be served within five years after the date of the recordation of the tax deed if no notice is given.”) Here, the according to the petition, the tax-sale deed was recorded on February 27, 2004; the lawsuit, however, was not even filed until April 29, 2009. Moreover, the plaintiff itself in this lawsuit did not acquire an interest in the property until April 7, 2009, after the five-year period had expired.
Because there is a genuine issue of material fact whether all of the named defendants were given notice of the tax sale, the trial court was wrong to conclude as a matter of law that the six-month period for filing an annulment action was dispositive of the defendants’ right to redeem then-property by paying the overdue taxes.